**Lynn D. PAUL and Anita K. Paul, Plaintiffs and Respondents,**

v.

**Mable S. KITT, Defendant and Appellant.**

**No. 13968.**

Supreme Court of Utah.

Dec. 24, 1975.

Weston L. Bayles, Salt Lake City, for defendant-appellant.

Gregory C. Diamond and George C. Morris, of Morris & Robinson, Salt Lake City, for plaintiffs-respondents.

HENRIOD, Chief Justice:

Appeal from a specific performance judgment under a contract to purchase a

---

4. *Zuniga v. Evans*, 87 Utah 198, 48 P.2d 513.

lot. Affirmed, except as to award of attorney's fees. No costs awarded.

The contract dated April 1, 1972, subject of this suit, called for down and monthly payments, all the latter of which timely were paid for two years, save for two: November and December, 1973,—which were paid respectively two and one months later in January, 1974. The March, 1975 payment was forwarded late, but within the grace period of the contract, and was addressed to the correct street number, but to "Sandy," a suburban town adjacent to Salt Lake City, but not to "Salt Lake City,"—and due to postal delay, was not received on time by Mrs. Kitt, the seller, who promptly, early in April, wrote the plaintiffs, saying, "I hereby notify you of the termination of your contract." Thereupon plaintiffs and their counsel sent money orders to make up the deficiencies, (which Mrs. Kitt refused to accept and returned) and offered to pay Mrs. Kitt the balance due under the contract in exchange for a deed. Such exchange was never consummated, and this action followed.

Defendant gave notice of default, but not under the terms of the contract, that required seller to give the buyers five days to remedy the default. Furthermore, it would appear that save for a postal delay, the buyers had sent payment within the grace period, and the defendant, by accepting a couple of late payments before, under the authorities, could not have required strict performance without having given the buyers fair warning to that effect. There was no evidence to indicate that the parties by phone or personal contact, made any attempt to iron out what appears to have been relatively minor problems.

The trial court made Findings, decreed specific performance, and awarded $500 attorney's fees. Mrs. Kitt questioned the fee award. However, Paul testified he hired counsel and promised to pay $500 for the services. Mrs. Kitt did not cross-examine.

We believe and hold that in this equity case, where both sides were participants to the initiation of this litigation, and under the other circumstances, each should have borne its own attorneys' fees and the judgment is ordered modified to vacate the award of attorney's fees.

ELLETT, CROCKETT, TUCKETT and MAUGHAN, JJ., concur.